UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Newman Lee Wiley,

            Petitioner,

vs.                       REPORT AND RECOMMENDATION

United States of America,

            Respondent.         Civ. No. 05-2648 (PAM/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Newman Lee Wiley for a Writ of Habeas Corpus under Title 28 U.S.C. §2241. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed, for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must

(continued...)

II. <u>Factual and Procedural Background</u>

In 1993, the Petitioner was convicted in the United States District Court for the District of Minnesota for illegally possessing a controlled substance and a firearm. <u>United States v. Wiley</u>, Crim. No. 3-93-67 (PAM). He was sentenced to an aggregate prison term of one hundred and ninety-five (195) months, and he is currently serving his sentence at the Federal Correctional Institution, in Waseca, Minnesota. See, <u>Petition</u>, p. 2, at ¶¶ 1-4, <u>Docket No. 1</u>.

The Petitioner filed a direct appeal, but his conviction and sentence were upheld by the United States Court of Appeals for the Eighth Circuit. See, <u>United States v. Wiley</u>, 29 F.3d 345 (8th Cir. 1994). Thereafter, the Petitioner challenged his conviction and sentence in several Motions for relief under Title 28 U.S.C. §2255, and several more ensuing Motions for reconsideration. He also challenged his conviction and sentence in two prior Habeas Corpus Petitions, which brought under Title 28 U.S.C.

---

[1](...continued)
dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to Title 28 U.S.C. §2254, they also may be applied to habeas cases brought under Title 28 U.S.C. §2241. Rule 1(b); <u>Mickelson v. United States</u>, Civil No. 01-1750, 2002 WL 31045849 at *2 (D. Minn. 2002),; <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); <u>Rothstein v. Pavlick</u>, 1990 WL 171789 at *3 (N.D. Ill., November 1, 1990).

§2241. See, Wiley v. United States, Civil No. 97-2871 (PAM/RLE); Wiley v. United States, Civil No. 00-2454 (PAM/RLE).  Each of those prior Motions and Petitions were denied.

Most recently, the Petitioner asked the Court of Appeals for the Eighth Circuit to grant him leave to file a successive Section 2255 Motion, in order that he could challenge his sentence on new grounds stemming from the decision of the Supreme Court in United States v. Booker, --- U.S. ---, 125 S.Ct. 738 (2005).  The request was denied as well.  See, Attachments to Petition.

The Petitioner is now attempting to challenge his conviction and sentence -- once again -- in another Habeas Corpus Petition under Title 28 U.S.C. §2241.  The current Petition lists the following claims for relief: 1) that the Petitioner was "improperly tried and convicted of a more severe unindicted offense * * * in violation of his Fifth and Sixth Amendment Rights under [Booker];" 2) that the Petitioner was deprived of his "Sixth Amendment Rights as stated in Sullivan v. Louisiana, 508 U.S. 275 (1993)," because the Jury did not properly find him to be guilty of the charged offenses "beyond a reasonable doubt;" and 3) that the Petitioner's "Constitutional Safeguards as to formality of Notice violated the Due Process Clause [of the] Fifth

Amendment and the Notice and Jury trial guarantees of the Sixth Amendment" as prescribed by Booker.

In view of the Record presented, and the governing law of this Circuit, we find that the Petitioner cannot raise his current challenges to his conviction and sentence in a Habeas Corpus Petition filed under Title 28 U.S.C. §2241.

### III.  Discussion

As a general rule, a Federal prisoner can maintain a collateral challenge to his conviction, or sentence, only by filing a Motion in the Trial Court pursuant to Title 28 U.S.C. §2255.  Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, --- U.S. ---, 125 S.Ct. 2984 (2005).  The fifth paragraph of Section 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., Section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In effect, a Motion brought in the Trial Court, under Section 2255, is the exclusive remedy available to a Federal prisoner who is asserting a collateral challenge to his

conviction or sentence. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [Section] 2255 * * * and not in a habeas petition filed in the court of incarceration * * * under [Section] 2241."). No Court has jurisdiction to hear such a challenge, under Title 28 U.S.C. §2241, or otherwise, unless the Petitioner has affirmatively demonstrated that the remedy provided by Section 2255 "'is inadequate or ineffective to test the legality of * * * [his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986), quoting Title 28 U.S.C. §2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," see, Abdullah v. Hedrick, supra at 959, because, when it applies, it can save a Section 2241 Habeas Petition from being dismissed under the Section 2255 exclusive remedy rule.

Here, the Petitioner is clearly challenging the validity of his 1993 Federal criminal conviction and sentence. Therefore, the Court finds that the present Habeas Corpus Petition is plainly subject to, and barred by, Section 2255's exclusive remedy rule, which means that the Petitioner cannot pursue his current claims for relief in a Section

2241 Habeas Petition, unless the remedy provided by Section 2255 is found to be "inadequate or ineffective to test the legality of his detention."

In some cases, a Section 2241 Habeas Petition, which is barred by the exclusive remedy rule, can simply be construed to be a Motion brought under Section 2255. Then, the matter can be transferred to the Trial Court so the prisoner's claims can be addressed on the merits there.  Here, however, the Petitioner is precluded from seeking relief under Section 2255, because he has already done so several times in the past. Any new request for Section 2255 relief, that might now come before the Trial Court, would have to be treated as a "second or successive" Section 2255 Motion, which, under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), could not be entertained by the Trial Court without the prior approval of the Court of Appeals for the Circuit in which the Petitioner was convicted.  <u>Title 28 U.S.C. §§2244(b)(3) and 2255 (final paragraph)</u>.

Without a pre-authorization Order from the appropriate Court of Appeals, a Trial Court cannot exercise jurisdiction over a second or successive Section 2255 Motion.  <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996); see also, <u>Boykin v. United States</u>, 2000 WL 1610732 (8th Cir. 2000).  Since the Petitioner has not obtained a pre-authorization Order from the Court of Appeals for the Eighth Circuit,

the Trial Court could not entertain a new Section 2255 Motion at this time. Id. Therefore, it would not be appropriate to construe the present Habeas Corpus Petition as a Section 2255 Motion, so as to attempt a transfer of this matter to the Court in which the Petitioner was convicted and sentenced.

It also appears that any Section 2255 Motion, that the Petitioner might attempt to bring before the Trial Court at this time, would be time-barred under the one-year statute of limitations applicable to Section 2255 Motions. Title 28 U.S.C. §2255(6). For this additional reason, it would be inappropriate to construe the current Petition as a Section 2255 Motion, and then transfer it to the Trial Court.

Furthermore, it is clear that the Petitioner deliberately elected to seek relief under the Section 2241 Habeas Corpus statute, based on a belief that the remedy provided by Section 2255 is "inadequate or ineffective to test the legality" of his conviction and sentence. Apparently, he misapprehends that his current Petition is exempt from Section 2255's exclusive remedy rule under the savings clause, and that he can challenge his conviction and sentence in a Habeas proceeding, because he is not presently eligible for relief under Section 2255. Such reasoning, however, must be rejected.

The procedural rules that limit the availability of relief under Section 2255 would be rendered meaningless if a prisoner, who is procedurally barred from bringing a Section 2255 Motion, could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should, therefore, be allowed to bring his claims in a Section 2241 Habeas Corpus Petition.  Congress could not have intended that the procedural limitations, on Section 2255 Motions, may be so easily evaded.  Accordingly, our Court of Appeals has held that Section 2255 will not be viewed as inadequate or ineffective "merely because [Section] 2255 relief has already been denied, * * * or because Petitioner has been denied permission to file a second or successive [Section] 2255 motion, * * *  or because a second or successive [Section] 2255 motion has been dismissed, * * * or because Petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) [citations omitted]; see also, United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869 (2002)(reaffirming that Section 2255 is not rendered inadequate or ineffective by operation of the procedural limitations on Section 2255 Motions); Hill v. Morrison, supra at 1091 ("[I]n order to establish a remedy is 'inadequate or

ineffective' under [Section] 2255, there must be more than a procedural barrier to bringing a [Section] 2255 petition").

"A federal prisoner should be permitted to seek habeas corpus [under Section 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed" after he had his opportunity to seek relief under Section 2255. In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). In other words, "[Section] 2255 is not inadequate or ineffective," thereby allowing a prisoner to challenge his conviction or sentence in a Section 2241 Habeas Corpus Petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah v. Hedrick, supra at 963. Applying this rule here, it is plain that, at least to the extent that the Petitioner's current claims do **not** rely on Booker, -- i.e., his second ground for relief, which is based on Sullivan v. Louisiana -- he cannot seek Habeas Corpus relief under Title 28 U.S.C. §2241. To the extent that the Petitioner's claims are **not** based on Booker, he could have raised them in a direct appeal, or in a properly filed Section 2255 Motion. He cannot claim that Section 2255 has become "inadequate or ineffective" simply because he previously failed to pursue those claims, and he is now barred from raising them, under Section 2255, by reason of the procedural limitations that Congress has imposed on Section 2255 Motions.

We fully recognize, of course, that the Booker decision, which appears to have generated, in part, the Petitioner's current application for Habeas Corpus relief, had not yet been decided when the Petitioner filed his direct appeal, and his previous Section 2255 Motions, and therefore, he could not have previously challenged his sentence, based on Booker, in any of those prior proceedings. Such a circumstance, however, does not mean that Section 2255 must be viewed as an "inadequate or ineffective remedy" for any of the Petitioner's current claims that are based upon Booker.

In United States ex rel. Perez v. Warden, FMC Rochester, supra at 1062, our Court of Appeals held that Federal prisoners cannot bring claims, based upon the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) -- which is the direct precursor of Booker -- in a Section 2241 Habeas Corpus Petition because, even though "a federal prisoner may never ventilate an Apprendi issue in a [Section] 2255 motion," Section 2255 is not considered to be an inadequate or ineffective remedy for such claims. The Court explained its ruling, in Perez, as follows:

> [Appellants'] contend [Section] 2255 is inadequate or ineffective because it is the impediment to the relief they seek. But this is not so. Their true impediment is Apprendi itself, not the remedy by [Section] 2255 motion. To be more precise, appellants are hamstrung because the

> Supreme Court has not yet ruled (and indeed may never rule) that Apprendi applies retroactively to past criminal convictions. Neither * * * [of the appellants] may raise an Apprendi claim in a second [Section] 2255 motion unless and until Apprendi applies retroactively.

Id.

The Court further went on to explain, as follows:

> Appellants' attempts to gain relief [under Apprendi] have not been hampered by the [Section] 2255 remedy itself. Rather, they cannot presently obtain relief because the constitutional doctrine announced in Apprendi has not been made retroactive by the Court.

Id.

The Court's reasoning, in Perez, is directly applicable to the Petitioner's current claims based on Booker. If Booker had established a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, then the Petitioner presumably would have been granted authorization to file a successive Section 2255 Motion, and he would have been accorded a new one-year limitations period in which to raise his Booker claims in a Section 2255 Motion. See, Title 28 U.S.C. § 2255, at ¶8(2) and ¶6(3).

However, Booker cannot be applied retroactively on collateral review. In Never Misses A Shot v. United States, 413 F.3d 781 (8th Cir. 2005), the Court held that Booker is **not** retroactively applicable on collateral review. The Court specifically

stated that "the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Id. at 783.[2]

As the Court further explained, in Perez, it is the absence of retroactive applicability -- not any deficiency in the remedy provided by Section 2255 -- that precludes the Petitioner from raising his Booker claims in a Section 2255 Motion. According to Perez:

> "[Section] 2255 is not inadequate or ineffective simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively * * * [; but rather it is] the new constitutional doctrine's non-retroactivity * * * [that] prevents the federal prisoner from correcting his sentence. Of course, that impediment cannot be charged to the [Section] 2255 remedy."

United States ex rel Perez v. Warden, FMC Rochester, supra at 1062.

Therefore, even though the Petitioner's current claims are based, at least in part, on Booker, and even though that case was not decided until after the Petitioner's

---

[2]Every other Federal Appellate Court, which has considered whether Booker is retroactively applicable on collateral review, has also concluded that it is not. See, Lloyd v. United States, 407 F.3d 608 (3rd Cir. 2005), Guzman v. United States, 404 F.3d 139 (2nd Cir. 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005).

conviction and sentence became final, it cannot be said that the remedy provided by Section 2255 is "inadequate or ineffective." In other words, the "Petitioner cannot claim, even with respect to his * * * Booker claims, that the remedy provided by [Section] 2255 is 'inadequate or ineffective,'" and that he should, therefore, be allowed to raise such claims in a Section 2241 Habeas Petition. Tineo v. LeBlanc, 2005 WL 740520 at *2 (D. Minn., March 31, 2005).

Since the "inadequate or ineffective remedy" exception is not available to the Petitioner, his present Section 2241 Habeas Corpus Petition, which collaterally challenges his 1993 conviction and sentence, cannot be entertained here. See, Bauer v. Ashcroft, 2003 WL 541692 at *2 (D. Minn. February 19, 2003). Accordingly, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed for lack of jurisdiction. See, DeSimone v. Lacy, supra at 323-24 (Section 2241 Habeas Petition challenging Judgment entered in a prior criminal case was properly dismissed for lack of subject matter jurisdiction, where the petitioner had not demonstrated that a Section 2255 Motion was an inadequate or ineffective remedy); Abdullah v. Hedrick, supra at 964 ("Because Abdullah did not show that [Section] 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a [Section] 2241 petition.").

NOW, THEREFORE, It is –

RECOMMENDED:

That the Petitioner's application for Habeas Corpus Relief under Title 28 U.S.C. §2241 [Docket No. 1] be summarily DISMISSED for lack of jurisdiction.


Dated: November 22, 2005            *s/Raymond L. Erickson*
                                    Raymond L. Erickson
                                    CHIEF U.S. MAGISTRATE JUDGE


**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than December 9, 2005**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 9, 2005**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.