UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Newman Lee Wiley,                                    Civ. File. No. 05-2648 (PAM/RLE)

           Petitioner,

v.                                                                    **MEMORANDUM AND ORDER**

United States of America,

           Respondent.

---

This matter is before the Court on Petitioner's Objections to Chief United States Magistrate Judge Raymond L. Erickson's Report and Recommendation ("R&R") dated November 22, 2005. The R&R recommended that this Court summarily dismiss Petitioner's application for a writ of habeas corpus for lack of jurisdiction.

After Petitioner objected to the R&R, the Court conducted a de novo review. See 28 U.S.C. § 636(b)(1); Local Rule 72.2. Based on that review, the Court overrules the Objections and adopts the R&R.

**BACKGROUND**

On August 18, 1993, a jury convicted Petitioner of illegal possession of a controlled substance and a firearm. On November 29, 1993, this Court sentenced Petitioner to a term of 195 months with five years of supervised release to follow. He appealed his sentence and conviction, which the Eighth Circuit Court of Appeals affirmed. See United States v. Wiley, 29 F.3d 345 (8th Cir. 1994). Thereafter, Petitioner challenged his conviction and sentence in numerous motions under 28 U.S.C. § 2255 and several motions for reconsideration. He

also challenged his conviction and sentence in two previous petitions of habeas corpus under 28 U.S.C. § 2241. All of the motions and petitions were denied.

Recently, Petitioner requested that the Eighth Circuit Court of Appeals grant him leave to file a successive § 2255 motion, so that he could challenge his sentence under United States v. Booker, 543 U.S. 220 (2005). The Eighth Circuit Court of Appeals denied his request on March 2, 2005.

**DISCUSSION**

Petitioner now asks this Court once again to review his conviction and sentence under § 2241. Relying on Booker, he argues that he was wrongfully convicted of offenses not included in the indictment and that the jury did not properly find him guilty of the charged offenses beyond a reasonable doubt.

Generally, a petitioner may collaterally challenge his conviction or sentence only by filing a motion under § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). To assert a collateral challenge under § 2241, the remedy provided by § 2255 must be "inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255; Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). The only way that Petitioner may proceed under § 2241 is if there has been a new rule of law after his initial § 2255 Motion. Schaffner v. LeBlanc, No. 04-3517, 2004 WL 2370684, at *1 (D. Minn. Oct. 4, 2004) (Magnuson, J.). Since Petitioner's initial § 2255 motion, the United States Supreme Court decided Booker. However, Booker does not apply to criminal convictions that were final before Booker was decided. See Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005).

2

Petitioner's conviction became final well before the Supreme Court's decisions in Booker. Thus, Booker does not apply to Petitioner, and he cannot seek relief under § 2241.

In addition, this Court does not have jurisdiction pursuant to § 2255. Petitioner has already sought relief once under § 2255 and the Eighth Circuit Court of Appeals has denied his request to file a successive motion.

**CONCLUSION**

After a de novo review, the Court finds that the Chief Magistrate Judge correctly ruled that this Court lacks jurisdiction over the Petition for Writ of Habeas Corpus. Accordingly,

**IT IS HEREBY ORDERED THAT**:

1. The R&R (Clerk Doc. No. 3) is **ADOPTED**;

2. Petitioner's Objections to the R&R (Clerk Doc. No. 4) are **OVERRULED**; and

3. Petitioner's Application for a Writ of Habeas Corpus (Clerk Doc. No. 1) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 25, 2006

                                                                      s/ Paul A. Magnuson
                                                                      Paul A. Magnuson
                                                                      United States District Court Judge